UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Trustees of the Teamsters Local 456 Pension, Health & Welfare, )
Annuity, Education & Training, S.U.B., Industry Advancement )
and Legal Services Funds and the Westchester Teamsters Local )
Union No. 456, )
                                                                      ) Index No.:
             Plaintiffs, )
                                    ) COMPLAINT
    -against- )
                                    )
BARRIER MOTOR FUELS, INC. f/k/a BARRIER OIL CORP. )
And BUCHANAN EQUITIES, INC. and WAYNE JEFFERS, )
                                    )
            Defendants. )

08 CIV. 4322
JUDGE ROBINSON

---

Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds, (hereinafter referred to as the "FUNDS"); and the Westchester Teamsters Local Union No. 456, (hereinafter referred to as the "UNION"), or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs and permit and cooperate in the conduct of an audit.

**PARTIES**

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The purpose of the Funds is to provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement.") between the Employer and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits, education and training and painting

industry promotion Fund and Union dues check-off on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' have an office which is located and administered at 160 South Central Avenue, Elmsford, New York 10523, in the County of Westchester.

8. Upon information and belief, the Defendant, Barrier Motor Fuels, Inc. f/k/a Barrier Oil Corp. and Buchanan Equities, Inc. and Wayne Jeffers (hereinafter referred to as "Barrier") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

9. Upon information and belief, Defendant Barrier is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business 184 West Main Street, Tarrytown, New York 10591, in the County of Westchester.

10. Upon information and belief, the Defendant, Buchanan Equities, Inc. (hereinafter referred to as "Buchanan") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, Defendant Buchanan is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 184 West Main Street, Tarrytown, New York 10591 in the County of Westchester.

12. Upon information and belief, Defendant Wayne Jeffers (hereinafter referred to as "Jeffers"), is and officer and/or owner or ownership interest in defendants Barrier and Buchanan.

13. At all times material hereto, Defendant Jeffers has acted with full authority and control with respect to all the obligations owed by defendant Barrier under the terms of the Agreements.

14. Upon information and belief, Defendant Buchanan is an alter ego and/or single employer and/or successor of Defendant Barrier.

15. Upon information and belief, Defendants Barrier and Buchanan have been affiliated business enterprises in that, inter alia, they have interrelated operations, common ownership and management, shared assets, equipment, payroll officer, telephone and fax numbers, employees, and/or centralized control of labor relations, and both Defendants Barrier and Buchanan performed work within the trade and geographic jurisdictions of the Union. Accordingly, Defendants Barrier and Buchanan constitute a single employer and/or are alter egos and their employees constitute a single bargaining unit and are bound to the Trade Agreement of the other.

16. Upon information and belief, Defendant Buchanan aided Defendant Barrier in evading its contractual obligations to Plaintiff Funds.

17. Upon information and belief, Defendant Buchanan aided Defendant Barrier by performing work within the trade and geographic jurisdiction of the Union without conforming to the terms of the Agreement.

18. Upon information and belief, Defendants Barrier and Jeffers have an ownership, stock, equitable or managerial interest in Defendant Buchanan.

19. Accordingly, Defendants Barrier, Buchanan and Jeffers are all parties to the Agreement and therefore are obligated by their terms.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF
(PLAINTIFFS' CLAIM FOR BREACH OF
CONTRACT BY DEFENDANTS)

20. Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Defendant Barrier and Defendant Jeffers executed an Agreement with the Union and/or was and still is a party to a Agreement with the Union by virtue of membership in an Employer Association with respect to which Plaintiff Funds are third-party beneficiaries.

22. At all times hereto, Defendant Jeffers has been vested with and maintains authority and control over the payment of the required monetary contributions owed under the Agreements

23. The Agreement requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed within the trade and geographical jurisdiction of the Union and to remit such monetary contributions in accordance with the Agreement.

24. Upon information and belief, as a result of work performed by the individual employees of Defendant Barrier pursuant to the Agreement, there became due and owing to the Funds from Barrier and Jeffers by the terms of the Agreement and Buchanan as an alter ego and/or single employer fringe benefit contributions and dues check-off in the minimum amount of $510,925.18.

25. No part of the contributions contractually due Plaintiffs has been paid by Defendants.

26. Defendants failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the Agreement with the Union wherein the Funds are third party beneficiaries. .

27. As a result of the Defendant's violation, the Agreement and/or Policy state that upon an Employer's failure to pay contributions as they become due, the Employer is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and

unpaid as liquidated damages; interest calculated at the rate of two percent over prime per month based upon the sum of all contributions due for the delinquent period; auditors' fees and attorneys' fees and all costs incurred in initiating the court action for collection of delinquent contributions.

28. Accordingly, Defendants Barrier, by the terms of the Agreement and Buchanan as an alter ego and/or single employer and as a result of Jeffers domination and control of the assets, finances business of Barrier and Buchanan are liable to the Plaintiff Funds for benefit contributions found due and owing in the minimum sum of $510,925.18 plus liquidated damages, interest and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(PLAINTIFFS' CLAIM AGAINST DEFENDANTS FOR
ERISA OBLIGATIONS CONTRACTUALLY DUE)

29. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 28 of this Complaint as if fully set forth at length herein.

30. Section 515 of ERISA, (29 U.S.C. Section 1145) requires Defendants to pay fringe benefit contributions in accordance with the terms and conditions of Collective Bargaining Agreements and Trust Indentures.

31. Defendants have failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

32. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an Employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

33. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

34. Accordingly, Defendants are liable to Plaintiffs under the Agreement and any Trust Indenture and Policy concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to pay the contributions that are due and owing.

35. Accordingly, Defendants are liable to the Plaintiffs in the minimum amount of $510,925.18 plus liquidated damages, interest, reasonable attorneys and court costs and disbursements incurred in the action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendants as follows:

On the First and Second Claims for Relief as follows:

>   (b) The minimum sum of $510,925.18 plus interest, liquidated damages, attorneys fees and court costs and disbursements as set forth in the Collective Bargaining Agreement and as mandated by ERISA, 29 U.S.C. Section 1132.

>   (c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
        May    , 2008

                                Respectfully submitted,

                                BARNES, IACCARINO, VIRGINIA,
                                AMBINDER & SHEPHERD, PLLC

                                _____
                                Dana L. Henke (DLH3025)
                                Attorneys for Plaintiffs
                                258 Saw Mill River Road
                                Elmsford, New York 10523
                                (914) 592-1515